Mr. James A. Badami, Executive Director Arkansas Judicial Discipline and Disability Commission 323 Center Street, Suite 1060 Little Rock, Arkansas 72201
Dear Mr. Badami:
This is in response to your request for an opinion on whether a prosecuting attorney, pursuant to A.C.A. § 16-10-404(b)(3), in conjunction with A.C.A. § 16-43-603, may grant immunity from criminal prosecution to a reluctant witness appearing as a witness during a Judicial Discipline and Disability Commission investigation.
It is my opinion that the answer to your question is "yes."
The first subsection you reference, A.C.A. § 16-10-404(b)(3), was enacted in 1993, and is codified as a part of the statute setting the duties and powers of the Judicial Discipline and Disability Commission. It provides that: [t]he commission is authorized to request the appropriate prosecuting authorities to seek to obtain immunity from criminal prosecution for a reluctant witness using the procedure outlined in §16-43-601 et seq." The second statute, A.C.A. § 16-43-603, provides generally for immunity from criminal prosecution where an order for a witness to testify has been issued under A.C.A. § 16-43-604. It provides in part that:
 Whenever a witness refuses, on the basis of his privilege of self-incrimination, to testify or provide other information in a proceeding before or ancillary to a court, a grand jury, or a prosecuting attorney and the person presiding over the proceeding communicates to the witness an order issued under this subchapter, the witness may not refuse to comply with the order on the basis of his privilege against self-incrimination.
You indicate that the prosecuting attorney is concerned that Judicial Discipline and Disability Commission proceedings, which are not criminal in nature, are not "a proceeding before or ancillary to a court, a grand jury, or a prosecuting attorney," do not fall within the language of A.C.A. § 16-43-601 et seq., and thus immunity may not be granted in such instances.
The quick answer to this question is that the legislature obviously intended, by the enactment of A.C.A. § 16-10-404(b)(3), that prosecutors be authorized to grant immunity from criminal prosecution to witnesses appearing before the Commission. Thus, A.C.A. § 16-10-404(b)(3) must be read in conjunction with A.C.A. § 16-43-601 et seq., and when so read, authorizes prosecutors to grant immunity to such witnesses.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh